# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **FREESCALE SEMICONDUCTOR, INC.,** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION 2:08-cv-314 |
| | § | |
| vs. | § | |
| | § | |
| **LSI CORPORATION,** | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Freescale Semiconductor, Inc., hereby files this Complaint for patent infringement against Defendant, LSI Corporation.

## PARTIES

1. Plaintiff, Freescale Semiconductor, Inc., ("Freescale") is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 6501 William Cannon Drive West, Austin, Texas. Freescale was formed in 2004 as a result of the divestiture of the Semiconductor Products Sector of Motorola, Inc. ("Motorola")

2. Defendant LSI Corporation ("LSI") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1621 Barber Lane, Milpitas, California. Upon information and belief, LSI manufactures for sale and/or sells semiconductor devices that are sold under the brand names of other companies. On information and belief, LSI resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1338(a).

4. This Court has personal jurisdiction over LSI. LSI has conducted and does conduct business within the State of Texas. LSI, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. LSI has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. LSI has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

5. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## U.S. PATENT NO. 5,467,455

6. On November 14, 1995, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 5,467,455 ("'455"), to James G. Gay and William B. Ledbetter, Jr. Motorola was the owner by assignment until Motorola divested its Semiconductor Products Sector business and Freescale Semiconductor, Inc. was formed. Freescale is the assignee of all rights, title, and interest in and to the '455 patent and possesses all rights of recovery under the

'455 patent, including the right to recover damages for past infringements. A copy of the '455 patent is attached as Exhibit 1.

7. The '455 patent is valid and enforceable.

## U.S. PATENT NO. 5,776,798

8. On July 7, 1998, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 5,776,798 ("'798"), to Son Ky Quan, Samuel L. Coffman, Bruce Reid, Keith E. Nelson and Deborah A. Hagen. Motorola was the owner by assignment until Motorola divested its Semiconductor Products Sector business and Freescale Semiconductor, Inc. was formed. Freescale is the assignee of all rights, title, and interest in and to the '798 patent and possesses all rights of recovery under the '798 patent, including the right to recover damages for past infringements. A copy of the '798 patent is attached as Exhibit 2.

9. The '798 patent is valid and enforceable.

## U.S. PATENT NO. 6,473,349 B1

10. On October 29, 2002, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,473,349 B1 ("'349"), to Stephen T. Flannagan. Motorola was the owner by assignment until Motorola divested its Semiconductor Products Sector business and Freescale Semiconductor, Inc. was formed. Freescale is the assignee of all rights, title, and interest in and to the '349 patent and possesses all rights of recovery under the '349 patent, including the right to recover damages for past infringements. A copy of the '349 patent is attached as Exhibit 3.

11. The '349 patent is valid and enforceable.

**INFRINGEMENT ALLEGATION**

12. LSI manufactures, uses, sells, offers for sale and/or distributes or offers for distribution one or more products that practice one or more claims of the '455, '798 and '349 patents (collectively, the "Patents-In-Suit"). LSI has infringed, and is presently infringing directly and/or indirectly by way of inducement and/or contributory infringement, the Patents-In-Suit by: making, using, selling, importing, exporting, and/or distributing within, to, and/or from the United States, products that practice at least one claim of the Patents-In-Suit or components that constitute a part thereof; using methods in the United States that practice at least one claim of the Patents-In-Suit, or inducing such use or contributing thereto; and/or importing into the United States products made by methods that practice at least one claim of the Patents-In-Suit, or inducement thereof or contribution thereto.

13. LSI will continue to infringe the claims of the Patents-In-Suit unless enjoined. LSI's continuing acts of infringement are irreparably harming and causing damage to Freescale. Freescale has no adequate remedy at law to redress LSI's continuing acts of infringement. The hardships that would be imposed upon LSI by an injunction are less than those faced by Freescale should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

14. LSI has knowledge of the Patents-In-Suit, and has not ceased its infringing activities.

15. As a result of LSI's acts of infringement, Freescale has suffered and will continue to suffer damages in an amount to be proved at trial.

16. Freescale has a legal interest in excluding others from selling a product embodying the Patents-In-Suit.

## Count One — Patent Infringement

17. This claim incorporates by reference all of the facts and allegations asserted above.

18. LSI has infringed and continues to infringe the '455 patent, either directly or indirectly through acts of contributory infringement or inducement, by importing, exporting, supplying, making, using, selling, and/or offering for sale products and/or methods in violation of 35 U.S.C. § 271(a), (b), (c), (f) & (g).

## Count Two — Patent Infringement

19. This claim incorporates by reference all of the facts and allegations asserted above.

20. LSI has infringed and continues to infringe the '798 patent, either directly or indirectly through acts of contributory infringement or inducement, by importing, exporting, supplying, making, using, selling, and/or offering for sale products and/or methods in violation of 35 U.S.C. § 271(a), (b), (c), (f) & (g).

## Count Three — Patent Infringement

21. This claim incorporates by reference all of the facts and allegations asserted above.

22. LSI has infringed and continues to infringe the '349 patent, either directly or indirectly through acts of contributory infringement or inducement, by importing, exporting,

supplying, making, using, selling, and/or offering for sale products and/or methods in violation of 35 U.S.C. § 271(a), (b), (c), (f) & (g).

## REMEDIES

23. LSI has received actual and/or constructive notice that it is infringing the Patents-In-Suit.

24. Freescale seeks a finding that LSI has infringed each of the Patents-in-Suit.

25. Freescale has been irreparably harmed as a result of LSI's infringing activities, and will continue to be damaged unless the Court enjoins such activities.

26. Freescale has suffered actual damages as a result of LSI's infringement. In accordance with 35 U.S.C. § 284, Freescale is entitled to damages, from verdict and post-verdict until LSI is enjoined from further infringing activities.

27. Freescale seeks an accounting of damages as a result of LSI's infringement, from verdict and post-verdict until LSI is enjoined from further infringing activities. In accordance with 35 U.S.C. § 284, Freescale is entitled to damages.

28. Freescale will be irreparably harmed if LSI's patent infringement continues. Freescale therefore requests an injunction prohibiting LSI, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any actions that would infringe the Patents-In-Suit.

## REQUEST FOR JURY TRIAL

29. Freescale requests a jury trial of all issues in this action so triable.

**REQUEST FOR RELIEF**

30. WHEREFORE, Freescales respectfully request that the Court grant it the following relief:

(a) an injunction restraining LSI and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from further acts of infringement of the Patents-In-Suit;

(b) a finding that LSI has infringed each of the Patents-in-Suit;

(c) actual damages through verdict and post-verdict until LSI is enjoined from further infringing activities;

(d) an accounting of damages through verdict and post-verdict until LSI is enjoined from further infringing activities;

(f) attorneys fees and costs of court;

(g) all pre-judgment and post-judgment interest allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of Patents-In-Suit by LSI to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law; and

(h) a judgment and order finding this to be an exceptional case and requiring LSI to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

(i) Such other and further relief as the Court deems just and equitable.

Dated: August 8, 2008.                    Respectfully submitted,

                                        **MCKOOL SMITH, P.C.**

                                  By  /s/ Samuel F. Baxter
                                        Samuel F. Baxter, Lead Attorney
                                        sbaxter@mckoolsmith.com
                                        State Bar No. 01938000
                                        104 East Houston, Suite 300
                                        Marshall, Texas  75670
                                        Telephone:  (903) 923-9000
                                        Facsimile:   (903) 923-9033

                                        Douglas A. Cawley
                                        Texas State Bar No. 04035500
                                        dcawley@mckoolsmith.com
                                        Robert M. Manley
                                        Texas State Bar No. 00787955
                                        rmanley@mckoolsmith.com
                                        300 Crescent Court, Suite 1500
                                        Dallas, Texas  75201
                                        Telephone:  (214) 978-4000
                                        Facsimile:   (214) 978-4044

                                        Steven J. Pollinger,
                                        Texas State Bar No. 24011919
                                        spollinger@mckoolsmith.com
                                        300 W. 6th Street, Suite 1700
                                        Austin, Texas  78701
                                        Telephone:  (512) 692-8700
                                        Facsimile:   (512) 692-8744

                                        ATTORNEYS FOR PLAINTIFF
                                        FREESCALE SEMICONDUCTOR, INC.